# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-735V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| ELIZABETH BABO, | * | Chief Special Master Corcoran |
| | * | |
| | * | Filed: October 2, 2024 |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Nicole Avitabile*, Law Offices of Jeffrey S. Glassman, LLC, Boston, MA, for Petitioner.

*Mark Hellie*, U.S. Dept. of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 13, 2021, Elizabeth Babo, formerly Elizabeth Moscone, filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration in her left shoulder as a result of a hepatitis A vaccine she received on May 23, 2019. Petition (ECF No. 1) at 1. The claim began as a *pro se* matter, but Petitioner obtained counsel in June 2021, and the case was assigned to me a few months later.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

The parties engaged in settlement discussions beginning in December 2021, but reached an impasse by March 2022. ECF No. 36. Thereafter, Respondent filed his Rule 4(c) Report contesting entitlement, and on April 7, 2023, I issued a Ruling on Entitlement finding that Petitioner provided preponderant evidence satisfying all requirements for a Table SIRVA. ECF No. 45. The parties were not initially successful at resolving damages. However, on January 22, 2024, Respondent filed a proffer, and the parties settled for damages. Decision Awarding Damages, dated January 23, 2024 (ECF No. 53).

Petitioner has now filed a motion for an award of attorney's fees and costs. Motion, dated August 30, 2024 (ECF No. 57) ("Fees Mot."). Petitioner requests a total of $24,394.17, reflecting $23,502.50 in fees incurred for the services of Ms. Nicole Avitabile, Esq. and paralegals, plus $891.67 in costs. Fees Mot. at 1. Respondent reacted to the final fees request on September 13, 2024. Response, dated September 13, 2024 (ECF No. 75) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2-3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$24, 394.17**.

I. **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

2

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|
| **Ms. Nicole Avitabile (Attorney)** | $310.00 | $325.00 | $330.00 | $420.00 |
| **Paralegal** | $160.00 | $160.00 | $170.00 | $180.00 |

ECF No. 57-1 at 2-7.

Ms. Avitabile practices in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch. See Lepre v. Sec'y of Health & Hum. Servs.*, No. 19-1974V, 2023 WL 2645837 at *2 (Fed. Cl. Spec. Mstr. Mar. 27, 2023). The rates requested for Ms. Avitabile and her paralegals are also consistent with what has previously been awarded, based on her work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[3] *Id.* I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 2, 2024).

Petitioner seeks $891.67 in outstanding costs, including the filing fee and medical record retrieval costs. Fees Mot. at 2; ECF No. 57-3. Such costs are commonly incurred in the Vaccine Program and are reasonable herein. All requested costs shall be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$24,394.17**, reflecting $23,502.50 in attorney's fees and $891.67 in costs in the form of a check made jointly payable to Petitioner and her attorney, Ms. Nicole Avitabile.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.